Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAMIE MICHELLE WEST, aka JAMIE MICHELLE JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY HEALTH, a corporation,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $450,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Jamie West, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

This case goes to heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the very topical controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation.

In the end, though, this case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, Legacy Health.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Jamie West, lives in Klamath Falls, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon, and has its headquarters in Vancouver, Washington. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about August 24, 2022.

2.

At all material times, Plaintiff was a resident of Clark County, Washington and worked in Clark County, Washington.

3.

At all material times, Defendant Legacy Health was regularly conducting business in the State of Washington, specifically at the Salmon Creek Medical Center, Vancouver, facility.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff worked as a Registered Nurse Case Manager for seven years at the Defendant's facility in Vancouver, Washington. Starting as a Certified Nursing Assistant at age 16, Plaintiff has dedicated her life to nursing and advocating for patients. She has obtained advanced certifications to further her career and is highly skilled and well-regarded. Plaintiff received

excellent reviews and worked without issue until the COVID-19 pandemic.

6.

Plaintiff is also deeply religious Christian who is devoted to her faith. Plaintiff is dedicated to following the tenets of her faith to the best of her ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Washington in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Washington resident, but particularly individuals who worked in health care facilities. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to her own self because of her dedication to her work and to the Defendant's patients. Plaintiff also scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary. Plaintiff had direct contact with patients, even though other hospitals allowed remote work for their Nurse Case Managers.

9.

In the summer of 2021, Plaintiff was notified that the Defendant would be implementing and enforcing a vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict to the vaccine and/or to the taking of the vaccine could apply for religious exceptions. As a devout Christian, Plaintiff had serious objections to taking the vaccine because she believes that doing so would be committing a sin, grieve the Holy Spirit and jeopardize her relationship with God. Her faith also dictates that abortion is murder, so the use of fetal cell lines from abortion, used to develop or test the COVID vaccines, violates her

sincerely held belief that to cooperate with or be involved with an abortion in any way, however remote, is a sin against God and a violation of His Commandments, for which she would be held morally accountable. On or about August 24, 2021, Plaintiff filed the formal paperwork for a religious exemption. Initially, Plaintiff was led to believe that her religious exemption would be granted and/or that she would be able to work remotely.

10.

On September 27, 2021, Plaintiff was notified that her religious exemption had been denied and that she would be placed on unpaid administrative leave as of October 1, 2021. She was informed that she would not be able to work remotely unless she was vaccinated.

11.

Plaintiff was on intermittent FMLA leave due to her daughter's health condition. Plaintiff was terminated from her position on December 1, 2021.

12.

Prior to Plaintiff's placement on unpaid leave, she suffered a hostile work environment, including extremely upsetting comments from colleagues about how unvaccinated people deserved to die. Plaintiff was also unable to get information from her supervisor regarding her work status.

13.

The termination of Plaintiff's pay and medical benefits had a significantly negative impact on her life. At the time, plaintiff was the sole provider for her two children, including providing medical insurance for them.

14.

Plaintiff was compelled to move out of Washington state to obtain employment where her religious exemption is accepted, and she is allowed to work wearing an N95 mask and with weekly COVID testing. This move involved not only uprooting herself and her children, with all the expenses involved, but the need to obtain legal counsel for a revised parenting plan for her

children. In addition, Plaintiff took a $8.00-$10.00 pay cut in her current job and had to change from case management to floor nursing, involving direct patient care. She lost her paid-time-off (PTO) accrual, her $2,000.00 yearly bonus for her certification as case manager, and a $1 hourly extra compensation for her bachelor's degree, when she was terminated from Legacy.

15.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's presence suddenly created an "unacceptable health and safety risk" necessitating her being placed on unpaid administrative leave. During this time, Defendant's policy required employees to show up to work even if they had been exposed to Covid-19, if they had mild or no symptoms of the disease.

16.

Plaintiff's termination date should be treated as August 31, 2021, based on the Defendant's termination of Plaintiff's pay. Prior to her effective termination, Plaintiff was earning $55.93 an hour, for an annual salary of approximately $105,000.

17.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as claimed, to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based one her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

18.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss and emotional distress. She also has been ostracized and stigmatized unfairly for her religious convictions.

//

# FIRST CLAIM FOR RELIEF

## (Unlawful Employment Discrimination Based on Religion

## in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

19.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

20.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

21.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to work remotely, or to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate, and as her current employer is allowing.

22.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

23.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount

to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**

**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

24.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

25.

Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

26.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to work remotely, or to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate, and as her current employer is allowing.

27.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

28.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 21st day of November, 2022.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff